1  THOMAS E. WINNER
   Nevada Bar No. 5168
2  STEVEN P. CANFIELD
   Nevada Bar No. 12711
3  WINNER & BOOZE
   1117 South Rancho Drive
4  Las Vegas, Nevada 89102
   Phone (702) 243-7000
5  Facsimile (702) 243-7059
   twinner@winnerfirm.com
6  scanfield@winnerfirm.com

7  *Attorneys for Defendant GEICO*

8  UNITED STATES DISTRICT COURT

9  DISTRICT OF NEVADA

| | |
|---|---|
| BLAINE YAMAMOTO, an individual, | CASE NO.: |
| | DEPT. NO.: |
| Plaintiff, | |
| v. | **PETITION FOR REMOVAL** |
| HOMEOWNERS FINANCIAL GROUP USA, LLC, an Arizona limited liability company; JULINE CHUTUK, an individual; BRIAN ESPOSITO; an individual, GEICO INSURANCE AGENCY, LLC, a foreign limited liability company; SPECIALIZED LOAN SERVICING, LLC, a foreign limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION d/b/a FANNIE MAE, a corporation chartered by the U.S. Congress, DOES 1-10, inclusive, ROE ENTITIES 1-10, inclusive, | |
| Defendants. | |

Defendant. GEICO INSURANCE AGENCY, LLC ("GEICO"), by and through its attorneys of record, Thomas E. Winner and Steven P. Canfield, of the law firm WINNER & BOOZE, submits this Petition for Removal in accordance with 28 U.S.C. §§ 1332, 1441 and 1446. Removal is warranted under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens

Page 1 of 6

of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. In support of this Petition for Removal Defendant states as follows:

1. Plaintiff BLAINE YAMAMOTO ("YAMAMOTO") commenced the above-captioned matter by filing a Complaint in the Eighth Judicial District Court for the State of Nevada, in and for Clark County, on June 27, 2023. The case is identified as Case Number A-23-873035-C (Department XVIII). In accordance with 28 U.S.C. § 1446(a), the Complaint is attached as *Exhibit A*. The Affidavit of Service is attached as *Exhibit B*.

2. There are no matters pending in the State Court Action that require resolution by this court.

3. Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

4. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant GEICO INSURANCE AGENCY, LLC has contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and has provided a written notice to the plaintiff by serving a copy of the instant Petition for Removal on counsel for the Plaintiff.

## DIVERSITY OF CITIZENSHIP

6. Plaintiff YAMAMOTO, as alleged in the Complaint is a resident of Clark County, Nevada. *Exhibit A* at 2:2-5.

7. GEICO INSURANCE AGENCY LLC is domiciled and headquartered in Maryland

8. Defendant HOMEOWNERS FINANCIAL GROUP USA, LLC is an Arizona Limited Liability Company doing business in the State of Nevada. Based on information and belief as alleged in Plaintiff's Complaint *Exhibit A* at 2:6-8.

9. Defendant JULINE CHUTUK was a Licensed Mortgage Professional Assistant employed by Homeowners and located in its Westlake Village, California. Based on information and belief as alleged in Plaintiff's Complaint ***Exhibit A*** at 2:9-11.

10. Defendant BRIAN ESPOSITO was a Sales Manager employed by Homeowners and located in its Las Vegas, Nevada, offices, and resided in Nevada. ***Exhibit A*** at 2:12-14. It appears Plaintiff claims diversity would be defeated based on ESPOSITO'S alleged residence of Nevada. ESPOSITO appears to be an agent acting on behalf of Defendant HOMEOWNERS FINANCIAL GROUP USA LLC. Therefore as an agent of an otherwise diverse Defendant ESPOSITO appears to be included to avoid diversity jurisdiction and prevent removal from state district court. Based on information and belief as alleged in Plaintiff's Complaint.

11. Defendant SPECIALIZED LOAN SERVICING, LLC is a foreign limited liability company doing business in the State of Nevada. Based on information and belief as alleged in Plaintiff's Complaint ***Exhibit A*** at 2:18-20.

12. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc. is a Delaware corporation doing business in the State of Nevada. Based on information and belief as alleged in Plaintiff's Complaint ***Exhibit A*** at 2:21-23.

13. Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION d/b/a FANNIE MAE is a corporation chartered by the U.S. Congress and doing business in the State of Nevada. Based on information and belief as alleged in Plaintiff's Complaint ***Exhibit A*** at 2:24-26.

14. The DOE and ROE Defendants in this action have not been identified and are merely nominal parties without relevance to the causes of action. ***Exhibit A*** at 3:1-8.

/ / /

/ / /

15. Complete diversity of citizenship exists not counting the improper inclusion of Defendant ESPOSITO in the Complaint.

## AMOUNT IN CONTROVERSY

16. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

17. According to the Complaint, the plaintiff states the costs to repair/rebuild the subject property was in excess of $500,000.00 See ***Exhibit A*** at 6:7-8.

18. Plaintiff's complaint seeks a judgment in excess of $15,000.00. ***Exhibit A***. at 11:2.

19. The plaintiff also maintains entitlement to attorney's fees, costs, and interest.[1]. ***Exhibit A***. at 11:3-5.

20. Based on the foregoing, GEICO has met its burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.

## CONCLUSION

21. This Petition for Removal is timely as it is being filed within thirty (30) days after June 29, 2023, the date that Plaintiff's Complaint was served on the registered agent of GEICO (See ***Exhibit B***. 28 U.S.C. § 1446(b)(2). Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 693, (9th Cir. 2005). Defendant was made aware of service on Defendant Homeowners Financial Group but it does not appear that any other Defendant has been served to date.

22. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between the plaintiff and the defendants, and because the plaintiff is seeking damages in excess of the $75,000. Defendant GEICO INSURANCE AGENCY LLC may therefore remove this action to federal court pursuant to 28 U.S.C. § 1441.

---

[1] F.R.C.P. 54 permits the recovery of attorney's fees by the prevailing party.

1  23. Notice of the filing of this Petition for Removal is being filed and served in the State Court

2  Action on this day.

3  DATED this 20th day of July, 2023.

4  WINNER & BOOZE

 /s/ Steven P. Canfield
Thomas E. Winner
Nevada Bar No. 5168
Steven P. Canfield
Nevada Bar No. 12711
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendant GEICO*

## *Exhibits*

| *Exhibit* | *Document Title or Description* |
|---|---|
| *A* | Plaintiff's Complaint and Summons |
| *B* | Affidavit of Service |
| *C* | Civil Cover Sheet |