UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLAINE YAMAMOTO, | Case No.: 2:23-cv-01142-APG-BNW |
| Plaintiff | **Order (1) to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction and (2) for Reply Regarding Fraudulent Joinder** |
| v. | |
| HOMEOWNERS FINANCIAL GROUP USA, LLC, et al., | |
| Defendants | |

Defendant GEICO Insurance Agency, LLC removed this action from state court based on diversity jurisdiction. ECF No. 1.  However, GEICO did not identify the citizenship of the members of any of the LLC defendants, including itself. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").  GEICO also alluded to defendant Brian Esposito being fraudulently joined but did not explain why his citizenship should be ignored. GEICO did not identify the principal place of business for defendant Mortgage Electronic Registration Systems, Inc. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").  And GEICO made no citizenship allegations regarding defendant Federal National Mortgage Association.  I therefore ordered GEICO to show cause why this action should not be remanded for lack of subject matter jurisdiction.

GEICO's first response addressed only why it believes Esposito has been fraudulently joined. ECF No. 17.  I granted GEICO another opportunity to establish diversity jurisdiction

exists by addressing each of the issues identified above, and I ordered the plaintiff to respond to the fraudulent joinder argument. ECF No. 18.

GEICO's latest response is still deficient because it does not identify the citizenship of each member of each LLC defendant.  Merely stating where an LLC is formed and its principal place of business is insufficient.  I will give GEICO one last chance to establish subject matter jurisdiction in this case.  Additionally, GEICO must respond to the plaintiff's argument that defendant Esposito was not fraudulently joined.

I THEREFORE ORDER that by September 22, 2023, defendant GEICO Insurance Agency, LLC shall show cause in writing why this action should not be remanded to state court for lack of subject matter jurisdiction.  Failure to respond by that date will result in remand.

DATED this 13th day of September, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE