UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BLAINE YAMAMOTO,

    Plaintiff

v.

HOMEOWNERS FINANCIAL GROUP USA, LLC, et al.,

    Defendants

Case No.: 2:23-cv-01142-APG-BNW

**Order Remanding Case to State Court**

    Defendant GEICO Insurance Agency, LLC removed this action from state court based on diversity jurisdiction. ECF No. 1. Although defendant Brian Esposito's Nevada citizenship destroys diversity, GEICO contends his citizenship should be ignored because he is fraudulently joined. ECF No. 1 at 3. I disagree and remand this case.

    Plaintiff Blaine Yamamoto alleges that Esposito breached his fiduciary duty to Yamamoto by improperly directing Yamamoto to change his homeowner's insurance from a townhome policy to a condominium policy, which ultimately caused the damages Yamamoto is suing for. ECF No. 1-1 at 5, 8. Yamamoto relies on Nevada Revised Statutes § 645B.0147 as the basis for that fiduciary duty.

    GEICO contends that Esposito was acting within the scope of his employment as a sales manager of defendant Homeowners Financial Group USA, LLC, so any liability for his actions "would fall to Homeowners." ECF No. 24 at 4-6. While it may be true that Homeowners is liable for Esposito's actions as its agent, that does not negate Esposito's individual liability for his alleged breach of fiduciary duty. Under Nevada law, an agent may be liable in tort to an injured person even though the agent was working on behalf of the principal. *Nev-Tex Oil and*

*Gas v. Precision Rolled Products*, 782 P.2d 1311, 1311 (Nev. 1989); *Woodhouse v. Wyeth*, No. 2:04-cv-01613-PMP-RJJ, 2005 WL 8165319, at *3 (D. Nev. Apr. 5, 2005) (finding that Nevada courts "recognize that an agent may be individually liable for his negligence, regardless of whether or not he or she was acting for the sole benefit of the principal").

The Ninth Circuit has long held that, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)).  Here, a Nevada court could find that Esposito violated his fiduciary duty to Yamamoto by directing him to purchase the wrong policy.  Thus, Esposito is not fraudulently joined to this case, and complete diversity is lacking.  I therefore must remand the case to state court.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings.  The Clerk of the Court is instructed to close this case.

DATED this 17th day of May, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE